**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 20-2129 & 20-2615
_____

UNITED STATES OF AMERICA

v.

NATHANIEL NYAMEKYE,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cr-00192-002)
District Judge: Honorable Reggie B. Walton

_____

Submitted Under Third Circuit LAR 34.1(a)
January 25, 2022

Before: CHAGARES, *Chief Judge*, McKEE, and MATEY, *Circuit Judges.*

(Filed: February 2, 2022)
_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Nathaniel Nyamekye challenges the admission of evidence obtained with a search warrant, believing the supporting affidavit lacked probable cause. We find no error and will affirm.

## I. BACKGROUND

We summarize only the basic facts of this complicated criminal enterprise. A fraudulent email[1] caused a real estate settlement company to wire $411,548 to a bank account, where the money made its way to Nyamekye, his business, and others. Nyamekye then mailed some of the funds to other parties. Alerted to the scam, law enforcement obtained a warrant to search Nyamekye's business and home, seizing three cell phones and recovering evidence used against Nyamekye at trial.[2] Nyamekye unsuccessfully moved to suppress that evidence and, following his conviction, appealed the District Court's decision to admit the evidence obtained from his home.[3]

## II. DISCUSSION

We review the denial of a motion to suppress de novo, *United States v. Conley*, 4 F.3d 1200, 1204 (3d Cir. 1993), and will affirm if there is a substantial basis to find probable cause for the warrant, *United States v. Miknevich*, 638 F.3d 178, 182 (3d Cir.

---

[1] This was not the only fraud in this matter, but was the only one discussed in the affidavit.

[2] Nyamekye was tried on charges of conspiracy to commit money laundering, 18 U.S.C. § 1956(h), and engaging in monetary transactions in property derived from specified unlawful activity, § 1957(a).

[3] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

2011). We consider the affidavit "read in its entirety and in a common sense and nontechnical manner." *Conley*, 4 F.3d at 1206. But only the affidavit, not "other portions of the record." *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (quoting *United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir. 1993)).

Here, the affidavit noted that criminals connected to computer frauds "often communicate with co-conspirators via electronic devices, which are frequently kept at their residence." (App. at 58.) It explained that a cooperating witness ("CW3") told law enforcement that Nyamekye owned a laptop and two iPhones, items that the witness believed were used for criminal activities. CW3 also believed Nyamekye's business was a front for illegal activity. All insufficient, Nyamekye argues, for probable cause to search his home. We disagree. The affidavit, even without the information provided by CW3, provided a substantial basis for the Magistrate Judge to find probable cause that Nyamekye participated in possible fraud, and that portable electronics might be located in his home. *See United States v. Caesar*, 2 F.4th 160, 174 (3d Cir. 2021) (noting probable cause may be inferred from, among other things, the type of crime and the nature of the items sought). The affiant, based on training and experience, noted the connection here, tying participants in fraud to the use of portable electronics. *See United States v. Stearn*, 597 F.3d 540, 560 (3d Cir. 2010) (noting nexus between home and evidence may be established by, for example, "conclusions of experienced officers"). Given the totality of the circumstances,

the "fluid" determination of a substantial basis for probable cause was not erroneous. *Id.* at 559 (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)).[4]

## III. CONCLUSION

There was a substantial basis for the Magistrate Judge's finding of probable cause for the search of Nyamekye's residence. For that reason, we will affirm the judgment of the District Court.

---

[4] Even if the affidavit did not support the search there would be no need to suppress the evidence. When law enforcement acts in "reasonable reliance on a search warrant issued by a detached and neutral magistrate," *United States v. Leon*, 468 U.S. 897, 900, 920–21 (1984), and this reliance is "objective[ly] reasonable[]," *id*. at 924, the seized evidence may be admitted unless "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Stearn*, 597 F.3d 540, 561 (3d Cir. 2010) (quoting *United States v. Zimmerman*, 277 F.3d 426, 436 (3d Cir. 2002)). We find no reason to think that the agent here should have detected something awry. Even if the warrant contained the deficiencies Nyamekye claims, it would not have been deficient enough to alert the agent.